IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

          Plaintiff,                        ORDER

    v.                                    10-cr-60-bbc-1

WILLIAM OKEY McEACHINS,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of William Okey McEachins's supervised release was held on December 18, 2012, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney David J. Reinhard. Defendant was present in person and by counsel, Associate Federal Defender Kelly A. Welsh. Also present was Senior U. S. Probation Officer Michael D. Harper.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Northern District of Illinois on October 14, 2005, following his conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class B felony. He was committed to the custody of

the Bureau of Prisons to serve a term of imprisonment of 60 months, with a 60-month term of supervised release to follow.

Defendant began his term of supervised release on April 17, 2009. Jurisdiction was transferred to the Western District of Wisconsin on March 24, 2010. From approximately March 27, 2012, until May 16, 2012, defendant violated mandatory conditions prohibiting him from committing a federal, state or local crime and from illegally possessing a controlled substance, as shown by his conviction on four counts of a ten-count criminal complaint charging him with illegally possessing controlled substances (Circuit Court for Rock County case no. 2012CF001151). Defendant was ordered to serve three concurrent two-year terms of imprisonment with three concurrent five-year terms of extended supervision to follow.

Defendant's conduct falls into the category of a Grade A violation. Under §7B1.1(a)(3) of the advisory guidelines, the court is required to revoke supervised release when it finds that the defendant has committed an offense that constitutes a Grade A violation. Additionally, 18 U.S.C. §3583(g) requires revocation of the term of supervised release if the defendant illegally possessed a controlled substance.

CONCLUSIONS

Defendant's violations require revocation. Defendant's criminal history category is II. With a Grade A violation he has an advisory guideline imprisonment range of 15 to 21

2

months. The statutory maximum to which he can be sentenced upon revocation is 36 months, because his original offense is a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the bottom of the guideline range to run consecutively to defendant's state term of imprisonment. The intent of this sentence is to hold defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on October 14, 2005 is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 15 months to be served consecutively to the state term of imprisonment he is serving in Circuit Court for Rock County case no. 2012CF001151. No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 18th day of December 2012.

BY THE COURT:

/s/

BARBARA B. CRABB

District Judge